UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RODNEY SMITH, LTD., a New York corporation,

Plaintiff,

v.

PARAMOUNT GLOBAL, a Delaware corporation; SHOWTIME NETWORKS, INC., a Delaware corporation,

Defendants.

Case No.

**COMPLAINT**

Plaintiff, Rodney Smith, Ltd. ("RSL"), by and through its undersigned counsel, as and for its Complaint against defendants Paramount Global ("Paramount") and Showtime Network Inc. ("Showtime") (collectively referred to as "Defendants"), hereby alleges as follows:

## Nature of Action

1. This is a civil action for damages for copyright infringement under the U.S. Copyright Act (17 U.S.C. § 101 *et seq.*) (the "Copyright Act"). This action arises out of Defendants' unauthorized copying and distribution and other uses of an iconic photograph by famed photographer, Rodney Smith, to promote the international release of Defendants' movie series, *A Gentlemen in Moscow*, without RSL's knowledge or consent. RSL seeks monetary and injunctive relief as afforded under the Copyright Act.

## Jurisdiction and Venue

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§§ 1331 and 1338 (a) and (b).

3. Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) in that a substantial part of the acts of infringement complained of herein occurred in New York and in this District and the Defendants conduct business in New York and this District.

**Parties**

4. RSL is a New York corporation with a principal place of business located at 7 Lawrence Lane, Palisades, NY 10964.

5. Paramount is a Delaware corporation authorized to do business in the State of New York with a principal place of business located at 1515 Broadway, New York, NY 10036.

6. Showtime is a Delaware corporation authorized to do business in the State of New York with a principal place of business located at 1633 Broadway, New York, NY 10019. Showtime is entirely owned by Paramount.

**Factual Background**

7. Rodney Smith (1947-2016) was a renowned photographer who transcended fashion photography into fine art in the same manner as legendary photographers Richard Avedon, Irving Penn and William Klein. With a career that lasted more than 45 years, Mr. Smith developed a unique style balancing technical mastery and a desire to portray the best of humanity through iconic black and white images that combine portraiture and landscape. His work is included in the permanent collections of the J. Paul Getty Museum (Los Angeles, CA); Houston Museum of Fine Arts (Houston, TX); Museum of Fine Arts (Boston, MA); Philadelphia Museum of Art (Philadelphia, PA); Bayley Museum, University of Virginia (Charlottesville, VA); Museum of Art, Brigham Young University (Salt Lake City, UT); Rose Art Museum, Brandeis University (Waltham, MA); National September 11th Memorial & Museum (New York, NY); Yale University Art Gallery (New Haven, CT); and the Portland Museum of Art (Portland, ME).

8. RSL represents the Estate of Rodney Smith and is managed by Mr. Smith's wife, Leslie Smolan. RSL works to preserve Mr. Smith's legacy as an artist and also administers the rights, including copyrights, in and to his photographic works.

9. Among other notable works, Mr. Smith created the photograph entitled "Wessel

Looking Over the Balcony, Paris, France" (2007) (the "Image") as part of an assignment for high fashion magazine, *Elegant Bride*. The Image is widely known and iconic. As part of the assignment, Mr. Smith chose the setting, the costume, the pose, the lighting, the angle of the shot, and all the other protectable creative elements, including the use of black and white for the Image. Mr. Smith licensed the Image for use in *Elegant Bride*, but retained all rights to it.

10. The Image is subject to a valid and subsisting Certificate of Registration obtained from the U.S. Copyright Office under VA-2-173-047 with effective date of August 28, 2019 (the "Registration"). A copy of the Registration is attached hereto as Exhibit 1.

11. The Image was subsequently reproduced as the cover of *A Gentleman in Moscow*, the best-selling novel by Amor Towles (the "Book") published by Penguin Random House ("Penguin") in 2016. A copy of the Image and the cover of the Book is set forth below:

12. The Image was licensed to Penguin solely for the limited use on the cover of the Book (the "Book Cover") and to promote sales of the Book. RSL never granted any other rights to Penguin to use the Image, nor did it authorize any third parties to use the Image in connection with or promotion of ancillary projects related to the Book, such as for motion pictures or for television series based on the Book.

13. To date, the Book has enjoyed incredible success, selling more than 4.5 million copies worldwide and remaining on the *New York Times* Best Seller List for 56 weeks.

14. Based on the Book's success, Defendants adapted the Book into a film series with the same title starring Ewan McGregor (the "Series") for international release on the streaming platform Paramount+.[1] The tentative release date for the Series on Paramount+ is on or around March 29, 2024.

**<u>Use of the Image in the Trailer and Use of the Book Cover to Promote the Series</u>**

15. On or about February 7, 2024, Defendants released a nineteen (19) second trailer teasing the Series (the "Trailer"). In the Trailer, a slavish and virtually identical re-creation of the Image appears in the opening sequence before transitioning into full motion to introduce Ewan McGregor as the lead actor in the Series.[2] As seen below, a side-by-side comparison of the Image with a still capture of the Trailer demonstrates the striking similarity between the works:

16. Upon information and belief, Defendants used the Image to recreate the location, and specific details embodied in the Image as a theatrical set or through digital technology, placing

[1] Paramount and Showtime merged their respective streaming apps under the Paramount+ umbrella in 2023.
[2] A copy of the Trailer can be found here.

Ewan McGregor in the Image to specifically connect the Series adaptation to the Book and to promote the Series by using the Image in the Trailer. This conduct constitutes willful and intentional infringement of the Image.

17. Defendants distributed the Trailer on their respective digital platforms, including social media accounts, and included it in promotional kits/press releases circulated to media outlets to further heighten exposure of the Series to viewing audiences, in particular the millions of readers of the Book.  At no time did RSL grant Defendants or anyone else the authority to reproduce the Image to promote the Series or otherwise.  Upon information and belief, the Trailer was distributed worldwide and available for a significant period prior to the anticipated premier of the Series on March 29, 2024.

18. Defendants have also used the Book Cover to promote the Series.  Specifically, Mr. McGregor has appeared in video press interviews during which the Book Cover was a visible prop to promote the Series and closely associate the Image with the Series in the same manner as millions already identify it with the Book.  Upon information and belief, Defendants also reproduced the Image and/or the Book Cover in materials distributed for use in connection with other promotional activities including press and interviews to promote the Series.

**Continued Failure to Remove Trailer**

19. RSL, through its counsel, contacted Defendants on or about February 9, 2024 demanding the immediate removal of the Trailer. Defendants eventually agreed on February 23, 2024, to comply; however, despite being responsible for the Trailer's widespread dissemination they have only removed the Trailer from their own platforms and have failed to either disable the links to the Trailer or notify third-party websites to remove the content.  The Trailer has now gone viral online as a result.  As such, infringements of the Image remain continuous and willful as

Defendants failed to properly address the full extent of their unlawful conduct and the resulting damage caused to RSL.  Several examples of the numerous continued displays of the Trailer and Book Cover on third party websites that remain active online today can be seen below:



**CLAIM FOR RELIEF**
**(Copyright Infringement, 17 U.S.C. §§ 106, 501)**

20. RSL fully hereby incorporates Paragraphs 1 through 18 of this Complaint as if fully set forth herein.

21. RSL is the sole and exclusive owner of all rights, including copyrights, in and to the Image. The Image is a registered work subject to the protection of the Registration.

22. Defendants undoubtedly had access to the Image given that the Series is based on the Book, which has sold millions of copies worldwide, and the Image is the central imagery on the Book Cover.

23. Defendants infringed RSL's exclusive rights as the copyright owner of the Image by intentionally reproducing: (i) the Image in the form of a virtually identical derivative work for use in the Trailer to promote the Series; and (ii) the Book Cover featuring the Image in press interviews involving talent to promote the Series. Defendants' uses were for their own commercial benefit, specifically to add the millions of readers of the Book as subscribers to Defendants' streaming service Paramount+, all of which was done without the knowledge or consent of RSL in each instance.

24. Defendants' infringements were willful, intentional and malicious. Defendants intentionally re-created the Image for use in the Trailer to capture the goodwill associated with the Image, which is the central imagery of the Book Cover from which the Series is based. In fact, the Trailer is based solely on the Image and contains no other visual imagery filmed for the Series, such as a montage of scenes, characters or storylines. The reason is obvious: over 4.5 million readers associate the Image with the Book and Defendants brought the Image to life in the Trailer to attract these millions of readers to the Paramount+ subscription service.

25. In slavishly re-creating the Image for use in the Trailer and using the Book Cover

with the Image as a prop in press interviews to promote the Series, Defendants have willfully violated RSL's registered copyrights in and to the Image and have misappropriated the valuable goodwill of the Image for the purpose of luring subscribers to Paramount+ to increase Defendants' profits, all without compensating RSL with significant license fees customarily paid for such promotional uses.

26. Defendants' willful acts of infringements remain ongoing. Despite Defendants' pledge to remove the Trailer after being notified by RSL of the infringement, the Trailer continues to be displayed online by third party media outlets that likely sourced the Trailer from Defendants' original posts. Defendants therefore have not disabled links to the Trailer, nor have Defendants dutifully worked to remove additional uses of the Trailer, which allows them to continue to enjoy the benefits of using the Image to secure additional subscribers.

27. Due to Defendants' acts of copyright infringement, RSL has suffered general and special damages in an amount to be established at trial.

28. Due to Defendants' acts of copyright infringement, Defendants have obtained direct and indirect profits they would not otherwise have realized but for their infringement of RSL's rights in the Image. As such, RSL is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of RSL's rights in the Image in an amount to be established at trial.

29. Defendants have committed acts of copyright infringement that were willful, intentional and malicious, which further subjects Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## Prayer for Relief

WHEREFORE, RSL prays for judgment as follows:

a. That Defendants, as well as their respective employees, agents, or anyone acting in concert with them, be enjoined from infringing RSL's copyrights in the Image, including without limitation an order requiring Defendants to: (i) remove any content incorporating, in whole or in part, the Image from any print, web, or other platform used, owned, operated, or controlled by Defendants; and (ii) cease and desist from any further use of the Book Cover that features the Image to promote the Series or otherwise.

b. That RSL be awarded all profits of Defendant, plus all losses of RSL, plus any other monetary advantage gained by Defendants through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants through their infringement of RSL's intellectual property rights.

d. That RSL be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 505.

e. That RSL be awarded its costs and fees.

f. That RSL be awarded statutory and enhanced damages for each infringement.

g. That RSL be awarded pre-judgment interest as allowed by law; and

h. That RSL be awarded further legal and equitable relief as deemed proper.

**JURY DEMAND**

RSL demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38.

Respectfully submitted,

DATED: March 8, 2024

PELOSI WOLF SPATES LLP

By: ______________________________

John Pelosi, Esq.
Angelo DiStefano, Esq.
50 Broad St., Ste. 1609
New York, NY 10004
Tel: (212) 334-3599
jpelosi@pwes.com
adistefano@pwes.com

*Attorneys for Plaintiff Rodney Smith, Ltd.*